UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DANIEL L. RITTNER, SR., | CASE NO. 3:06 CV 1565 |
| Plaintiff, | CHIEF JUDGE JAMES G. CARR |
| v. | |
| JOHN MOORE, et al., | OPINION AND ORDER |
| Defendants. | |

On June 23, 2006, plaintiff pro se Daniel L. Rittner, Sr., an inmate at the Allen Correctional Institution, filed this 42 U.S.C. § 1983 action, alleging that he did not receive adequate care and treatment in connection with medical problems he experienced in 2005, and further that he has not been provided proper treatment for a degenerative spinal disorder, seizure disorder, lung disease, and eye problems.  It is further alleged that plaintiff's grievances have not been processed appropriately, and that he has suffered retaliation from prison staff for filing grievances.  Plaintiff requests that he be permitted to proceed in forma pauperis.  For the reasons stated below, this action is dismissed without prejudice.

A prisoner may not bring a civil action or appeal a judgment in a civil action in forma pauperis if, on three or more prior occasions, her brought an action or appeal in a court of the United States that was dismissed on the grounds that it was
frivolous, malicious or failed to state a claim upon which relief may be granted.  28 U.S.C. §

1

1915(g).¹

Rittner has on at least five occasions filed a civil action failing to state a claim in this court. See, Rittner v. Kinder, 3:06 CV 973; Rittner v. Baker, 3:05 CV 7188; Rittner v. Williams, 3:05 CV 7118; Rittner v. Dennis, No. 3:04 CV 7585; Rittner v. Baker, No. 3:03 CV 7765. Thus, as the complaint in the instant action does not contain allegations reasonably suggesting he is in imminent danger of serious physical injury, Rittner may not proceed in forma pauperis. See Mitchell v. Tennessee, No. 03-5816, 2004 WL 193153 at *1 (6th Cir. Jan. 30, 2004).

Accordingly, this action is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

¹ Failure to exhaust administrative remedies constitutes a failure to state a claim upon which relief can be granted. Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002).